Susan B. LONG, et al.,
Plaintiffs–Appellants,

v.

INTERNAL REVENUE SERVICE, et al., Defendants–Appellees.

Nos. 84–4117, 86–3678 and 86–3679.

United States Court of Appeals,
Ninth Circuit.

On Remand from the Supreme Court
June 20, 1988.

Argued and Submitted May 16, 1989.

Decided Dec. 6, 1989.

Stephen K. Strong, Seattle, Wash., for plaintiffs-appellants.

William S. Ross, Jr., Asst. Atty. Gen., Washington, D.C., for defendants-appellees.

Before TANG, SKOPIL, and CANBY, Circuit Judges.

CANBY, Circuit Judge:

The Supreme Court has remanded this case to us for reconsideration in light of its recent decision in *Church of Scientology of Calif. v. Internal Revenue Serv.*, 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987). When the matter was last before us, we held that the Internal Revenue Service had not fulfilled its responsibilities under the Freedom of Information Act, and we ordered the Internal Revenue Service to release the check sheets after deleting taxpayer identifying information. *Long v. Internal Revenue Serv.*, 825 F.2d 225 (9th Cir.1987). The Supreme Court granted certiorari, vacated the opinion, and remanded the case. *Internal Revenue Serv. v. Long*, 487 U.S. 1201, 108 S.Ct. 2839, 101 L.Ed.2d 878 (1988). Upon consideration, we reverse our prior decision regarding the check

sheets and affirm the judgment of the district court.

A recitation of the long and tortuous history of the Longs' attempts to obtain information from both the Internal Revenue Service and the Bureau of Economic Analysis under the Freedom of Information Act would unduly extend this opinion. The litigation has now spanned fourteen years. We will outline only the facts essential to our holding today.[1]

The Longs requested information from the Internal Revenue Service regarding its Taxpayer Compliance Measurement Program (TCMP). TCMP is a continuing series of statistical studies by the Internal Revenue Service on a national scale to measure the level of compliance with federal tax laws. The Internal Revenue Service disclosed all statistical tabulations based on the TCMP. The source material, which was also requested by the Longs, consisted of both computer tapes and paper check sheets. The information on each check sheet includes an individual taxpayer's name, address, and social security number, plus all the financial data reported on the return. In addition, some check sheets also contain corrected financial data derived from auditing the taxpayer's tax return. The computer tapes include the same information as the check sheets, except that the names and addresses of individual taxpayers are not on the computer tapes. In 1979, we ordered the Internal Revenue Service to release the computer tapes and to disclose the check sheets "where there is a problem with interpretation of the tapes." *Long v. Internal Revenue Serv.*, 596 F.2d at 366. The Internal Revenue Service deleted zip code information before releasing the computer tapes. The computer tapes for Phase II and III were released to the Longs, but the Internal Revenue Service refused to release any check sheets. This appeal resulted from the district court's holdings that zip code information deleted from the released computer tapes was exempt from disclosure, and that the Internal Revenue Service had fulfilled its responsibilities under the Freedom of Information Act.

Return information, as defined in 26 U.S.C. § 6103(b)(2), is confidential. 26 U.S.C. § 6103(a). The Haskell amendment provides that the term "return information" does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer. 26 U.S.C. § 6103(b)(2); *see Church of Scientology,* 108 S.Ct. at 273. In *Church of Scientology,* the Supreme Court held that the Haskell amendment does not require the disclosure of return information after the identifying portions are deleted. 108 S.Ct. at 272. The court reasoned that, notwithstanding the Haskell amendment, return information does not lose its distinctive character, and the associated protection from disclosure, after taxpayer identifying information has been deleted. *Id.* at 276.

■ The check sheets at issue here fit within the broad definition of "return information."[2] The check sheets include the taxpayer's identity, financial information reported on his taxes, and possibly other information regarding audits. Despite the Longs' argument to the contrary, the check

---

1. A full report of the facts and procedural history are outlined in our many decisions in this case. *See Long v. Internal Revenue Serv.,* 596 F.2d 362 (9th Cir.1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980); *Long v. Bureau of Economic Analysis,* 646 F.2d 1310 (9th Cir.), *vacated and remanded,* 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981); *Long v. Internal Revenue Serv.,* 742 F.2d 1173 (9th Cir. 1984); *Long v. Internal Revenue Serv.,* 825 F.2d 225 (9th Cir.1987), *vacated and remanded,* 487 U.S. 1201, 108 S.Ct. 2839, 101 L.Ed.2d 878 (1988).

2. Return information includes:

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficients, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other date, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title....

26 U.S.C. 6103(b)(2).

sheets are not in a form that constitutes a reformulated data base of the sort that is eligible for disclosure under the Haskell amendment. *See Church of Scientology,* 108 S.Ct. at 275–76. Because deletion of the identifying portions of the check sheets does not alter the information's protected status as return information, *id.* at 276, we are now compelled to hold that the check sheets are exempt from disclosure under 26 U.S.C. § 6103(a).

The district court was correct in holding the zip code information exempt from disclosure under 5 U.S.C. § 552a(b)(3) and § 6103 of the Internal Revenue Code. We cannot say that the court erred in finding that disclosure of either full or partial zip code information, in combination with the information already released, would create a significant risk of identification of particular taxpayers.

Similarly, our opinion has not changed regarding the release of computer tapes for Phase III, Cycles 1–5, and Phase IV, Cycles 1–2. The Internal Revenue Service did not release these tapes because it has used this data to develop discriminant function (DIF) formulas. Under the Economic Recovery Tax Act, the Internal Revenue Service is not required to disclose data used to determine standards for selecting returns for audit "if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws." 26 U.S.C. § 6103(b)(2). The district court found that partial disclosure of TCMP data could easily allow educated insight into [DIF] formulas sufficient to risk serious harm to the enforcement mechanisms.

Although we sympathize with the Longs in that the posture of their case and the law applicable to it have changed during the course of their extended litigation, the result we reach today precludes us from finding that they have "substantially prevailed" on this appeal. We accordingly

deny their request for attorneys' fees. *See* 5 U.S.C. § 552(a)(4)(E).

AFFIRMED.