952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. JUDGE, Plaintiff-Appellant,
v.
UNITED STATES of America; Commissioner of Internal Revenue
Service, Defendants-Appellees.
 No. 91-55052.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 13, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John E. Judge appeals pro se the district court's dismissal of his action pursuant to Fed.R.Civ.P. 12(b)(1) and (6). In his complaint, Judge alleged that the Internal Revenue Service ("IRS") disclosed tax return information in violation of 26 U.S.C. § 6103 and attempted to levy his property to satisfy tax deficiencies without first sending him notices of deficiency and assessments pursuant to 26 U.S.C. §§ 6212, 6213. Judge sought damages and injunctive relief. The district court dismissed for failure to state a claim and for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm in part, reverse in part, and remand.
 
 
 3
 * Wrongful Disclosure
 
 
 4
 Judge alleged that the IRS wrongfully disclosed tax return information pertaining to him in violation of 26 U.S.C. § 6103 by making written requests to the United States Postal Service to verify his mailing address. Judge sought monetary damages for these disclosures pursuant to 26 U.S.C. § 7431. The district court concluded that these requests did not disclose confidential tax return information. See 26 U.S.C. § 6103. Judge contends that these requests disclosed "taxpayer's identity" in violation of section 6103(b)(2)(A). This contention lacks merit. The IRS requested that the Postal Service verify a mailing address for "John E. Judge." The requests did not disclose any return information or taxpayer identifying information or indicate that Judge was under investigation by the IRS. See 26 U.S.C. § 6103; Long v. IRS, 891 F.2d 222, 223-24 (9th Cir.1989). Thus, the district court correctly dismissed Judge's claims for violations of section 6103 for failure to state a claim pursuant to Rule 12(b)(6).[1]
 
 II
 Subject Matter Jurisdiction
 
 5
 The district court dismissed the rest of Judge's complaint for lack of subject matter jurisdiction. The district court found that the suit was barred by sovereign immunity and by the Anti-Injunction Act, 26 U.S.C. § 7421(a).
 
 
 6
 The United States, as sovereign, may not be sued without its consent, and the terms of consent define the court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). Thus, no suit may be maintained against the United States unless it is brought in compliance with a specific statute under which the United States has consented to suit. Id. A suit against IRS employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 7
 The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." Id. The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984); see also Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). Thus, ordinarily taxpayers are limited in district court "to suits for refund." United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986).
 
 
 8
 There are, however, several statutory exceptions and a judicial exception to the Act. See 26 U.S.C. §§ 7421(a); 6212(a), (c), 6213(a), 6672(b), 6694(c), 7426(a), (b)(1), 7429(b); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). A statutory exception to the Act is available if the IRS assesses a deficiency before a notice of deficiency is sent to the taxpayer. 26 U.S.C. § 6212(a), (c); Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990).
 
 
 9
 Here, the district court correctly dismissed Judge's claims for monetary damages against the United States and the Commissioner of Internal Revenue because these claims are barred by sovereign immunity. See Testan, 424 U.S. at 399; Gilbert, 756 F.2d at 1458.
 
 
 10
 The district court erred, however, in dismissing Judge's claims for injunctive relief. In his complaint, Judge alleged that the IRS failed to send him notices of deficiency, assessments, and demands for payment prior to attempting to collect the tax deficiencies. These allegations state a claim for relief under the statutory exception to the Act. See 26 U.S.C. §§ 7421, 6212(a), (c); Elias, 908 F.2d at 523. Thus, not all of Judge's claims are barred by the Act and the district court should not have dismissed the action for lack of jurisdiction. See Elias, 908 F.2d at 523-24.
 
 
 11
 The IRS contends that the statutory exception to the Act does not apply because it sent notices of deficiency to Judge at his last known address. In its motion to dismiss, the IRS attached exhibits which showed that it had mailed Judge notices of deficiency and assessments at his last known address. These exhibits tend to refute Judge's allegations and show that the IRS complied with its statutory duty under section 6212. See Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991).
 
 
 12
 If matters outside the pleadings are considered, a district court must convert a motion to dismiss for failure to state a claim into a motion for summary judgment and must give the non-moving party notice and an opportunity to present material in opposition. Fed.R.Civ.P. 12(b)(6) & 56; Garaux v. Pulley, 739 F.2d 437, 438 (9th Cir.1984). "[W]here the non-moving party is appearing pro se, the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment." Garaux, 739 F.2d at 439-40.
 
 
 13
 Here, it is not clear whether the district court considered matters outside the pleadings in dismissing the action. The district court did not, however, notify Judge that it would consider matters outside the pleadings or convert the motion into one for summary judgment. See id. Thus, we review the dismissal under Rule 12(b)(6). See id. Excluding matters outside the pleadings and treating the allegations in the complaint as true, Judge's complaint states a claim for relief under the statutory exception to the Act. See 26 U.S.C. §§ 7421, 6212(a), (c); Elias, 908 F.2d at 523. Accordingly, we must reverse the district court's dismissal of Judge's claims for injunctive relief. See Elias, 908 F.2d at 523; Garaux, 739 F.2d at 439-40.
 
 
 14
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court initially dismissed these claims with leave to amend within 30 days. Ordinarily, a dismissal of a complaint with leave to amend is not a final appealable order. Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171-72 n. 1 (9th Cir.1984). Here, Judge did not file a timely amended complaint, and filed his notice to appeal after the amendment period had expired. The district court subsequently entered an order closing the action. Because it appears that the district court intended to dispose of the entire action, we have jurisdiction over this appeal. See id