134 F.3d 377
 81 A.F.T.R.2d 98-523, 98-1 USTC P 50,173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard GABEL, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 95-15215.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard L. Gabel appeals pro se the district court's summary judgment for the government in his action against the Internal Revenue Service ("IRS") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking disclosure of documents relating to his tax liabilities for the tax years 1983 through 1992. The district court concluded that the IRS properly withheld from disclosure several pages of documents. Gabel also challenges the district court's denial of his request for an index under Vaughn v. United States, 485 F.2d 820, 825 (D.C.Cir.1973). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 Because the government's declarations provided an adequate basis for the district court's decision, we reject Gabel's contention that the district court erred by denying his request for a Vaughn index. See Lewis v. IRS, 823 F.2d 375, 378-79 (9th Cir.1987).
 
 
 4
 We also reject Gabel's contention that the district court erred by holding that the documents which the IRS withheld were exempt from disclosure.
 
 
 5
 Here, the IRS withheld four pages of documents in full pursuant to 5 U.S.C. § 552(b)(3) in conjunction with I.R.C. § 6103(a) because these documents consisted of transcripts of account of individual taxpayers other than Gabel. The information contained in these documents includes the names, addresses, taxpayer identification numbers (social security numbers), and tax years with respect to third party taxpayers and was gathered by the IRS in connection with the existence or possible existence of liability of these third parties under the internal revenue laws. Because the documents being withheld in full constituted "return information" within the meaning of I.R.C. § 6103, the IRS properly withheld these documents from disclosure. See 5 U.S.C. § 552(b)(3) (disclosure provisions of FOIA do not apply to matters specifically exempted by another statute); 26 U.S.C. § 6103(a) (provides that tax returns and other "return information" are confidential and shall not be disclosed); Long v. IRS, 891 F.2d 222, 223-24 (9th Cir.1989).
 
 
 6
 In addition, the IRS withheld in part four pages of documents pursuant to 5 U.S.C. § 552(b)(7)(C). These documents contained references to third parties from computer printouts of the Department of Motor Vehicles. This information was compiled by the IRS and placed into Gabel's collection file in an attempt to locate Gabel's assets and as a means of identifying persons who might have information regarding Gabel. Because the documents being withheld in part were compiled by the IRS in performing a law enforcement function, the IRS properly withheld the relevant portions of these documents from disclosure. See 5 U.S.C. § 552(b)(7)(C); Church of Scientology Int'l v. IRS, 995 F.2d 916, 919 (9th Cir.1993); Schiffer v. FBI, 78 F.3d 1405, 1409 (9th Cir.1996). Accordingly, the district court did not err by granting summary judgment for the IRS.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Gabel's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although we recognize that the standard of review in these cases is unclear, we need not resolve this issue here because we conclude that the district court properly granted summary judgment under either standard. See Maricopa Audobon Soc'y v. United States Forest Serv., 108 F.3d 1082, 1085 (9th Cir.1997
 
 
 [2]
 We reject Gabel's remaining contentions as meritless