FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN B. LONG, | No. 08-35672 |
| Plaintiff - Appellee. | D.C. No. 2:74-cv-00724-MJP |
| v. | |
| UNITED STATES INTERNAL REVENUE SERVICE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued May 7, 2010
Resubmitted September 16, 2010
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and WARE[**], District Judge.

Pursuant to a Consent Order entered in 1976, Susan Long requested the

Internal Revenue Service ("IRS") to provide her with Tables 37 and 38 and other

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

statistical tables that were being used internally by the IRS to manage its auditing activities. Among other objections, the IRS objected to disclosing "cells of one" or "cells of two" in Tables 37 and 38 on the ground that disclosure would violate an exemption under Freedom of Information Act ("FOIA") and a prohibition imposed by Internal Revenue Code section 6103 against the disclosure of tax return information. *See* 26 U.S.C. § 6103(a); 5 U.S.C. § 552(b). Long moved the district court to compel production of the financial information, and the IRS moved to modify the Consent Order.

On June 13, 2008, the district court granted Long's motion and denied the IRS's motion. The district court stated that the record contained no evidence to support the "contention that a 'cell of one' in Table 37 could provide sufficient information to identify the particular taxpayer whose data is included in the cell," and thus would not violate section 6103:

> While Table 37 may contain "raw tax data," the IRS effectively reformulates that data by extracting it from taxpayers' files and compiling it in a statistical tabulation. The very act of compiling and tabulating large quantities of data converts the return information to a "form" not associated with an individual taxpayer. . . . The data contained in Table 37 is not removed from the realm of "return information" by virtue of amalgamation alone; when that data is extracted from individual files and compiled in a statistical representation, it takes on a form that does not identify an individual taxpayer.

2

The district court ordered the IRS to provide Long with "complete, unredacted copies of Table 37 and the similar tables as previously requested [by Long] and upon future requests."

The IRS timely appealed the district court's June 13, 2008, order.[1] We granted a stay and ordered the IRS to provide Long with redacted copies of Tables 37 and 38 pending the appeal.

We have jurisdiction under 28 U.S.C. §§ 1291, 1292(a)(1), and we affirm in part, reverse in part, and remand.

## A.    Disclosure under FOIA

We review de novo a district court's interpretation of a statute. *In re Heritage Bond Litigation*, 546 F.3d 667, 675 (9th Cir. 2008).

"FOIA was enacted to facilitate public access to government records." *Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1023 (9th Cir. 2008) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). "[A]mong other things, FOIA requires every federal entity presented with a request for records under the statute to make such records 'promptly available to any person.'" *Id.* at 1023–24 (quoting 5 U.S.C. § 552(a)(3)(A)). The disclosure

---

[1] The IRS does not appeal the district court's order that the IRS must provide Long with Tables 35 and 36.

3

requirement does not apply, however, if the requested information falls within one of nine exemptions enumerated in 5 U.S.C. § 552(b). *Forest Serv.*, 524 F.3d at 1024.

Section 6103 provides that "[r]eturns and return information shall be confidential." 26 U.S.C. § 6103(a). Thus, section 6103 qualifies as a statutory exemption of tax returns and tax return information from disclosure under FOIA. *Kamman v. I.R.S.*, 56 F.3d 46, 48 & n.1 (9th Cir. 1995) (citing 26 U.S.C. § 6103(a)). In pertinent part, section 6103(b) defines "return information" to mean:

> [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense
> . . .
>
> but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

26 U.S.C. § 6103(b)(2).

The latter part of the definition of "return information" is commonly referred to as the Haskell Amendment.[2]  It removes from inclusion in "return information" data in a form which cannot be associated with a particular taxpayer.  *Id.*

The financial information in "cells of one" is taken verbatim from Form 5344 of a particular taxpayer, albeit one whose identity is not reported, and the information in "cells of two" is taken from two taxpayers' data.  Thus, the issue before us is whether removal of identifying information and reporting the financial information in a tabular format places the data–in a "form which cannot be associated with . . . a particular taxpayer"–within the meaning of the Haskell Amendment.

**B.      In a Form Which Cannot be Associated with a Particular Taxpayer**

In *Church of Scientology of California v. I.R.S.*, 484 U.S. 9, 15, 17 (1987), the United States Supreme Court held that "the mere removal of identifying details from return information" did not suffice to put the information "in a form" contemplated by the Haskell Amendment.

---

[2]  The Haskell Amendment was proposed as a floor amendment by Senator Haskell of Colorado and was adopted by a voice vote during the debate on the 1976 amendments to the Internal Revenue Code.  *Church of Scientology of Cal. v. I.R.S.*, 484 U.S. 9, 12 (1987).

Following the Supreme Court's ruling in *Scientology*, we used "reformulat[ion]" to describe the requirement for bringing unidentified return information under the Haskell Amendment. *See Long v. I.R.S.*, 891 F.2d 222, 224 (9th Cir. 1989). In *Long*, we held that deletion of identifying information from so-called IRS "check sheets," which included the taxpayer's identity, financial information, and "possibly" audit information, did not place the nonidentifying information outside the definition of "return information." *Id.* at 223–24. We explicitly required reformulation in order for the check sheets to be eligible for disclosure. *Id.*

## C.    Application to "cells of one"

The district court accepted our requirement that return information be reformulated before it is removed from the exemption from disclosure. According to the district court, amalgamation is not required to meet the "in a form" requirement of the Haskell Amendment. The district court found that return information is "effectively" reformulated by the act of compilation and tabulation and removal of identifying information. However, with respect to a single taxpayer, the return information is transposed unaltered from a Form 5344 to the "cell of one." Thus, there is no meaningful change in "form" because the financial information is taken from Form 5344 and placed into a table unchanged.

Consistent with our holding in *Long*, we hold that tax data that starts out as confidential return information associated with a particular taxpayer maintains that status when it appears unaltered in a tabulation with only the identifying information removed. We therefore reverse the district court and hold that "cells of one" are nondisclosable return information under § 6103(b)(2).

**D.     Application to "cells of two" or other amalgamation of tax data**

"Cells of two" require a different analysis because they are the product of a combination of two taxpayers' data. They are unlike the tax data deemed confidential return information in *Scientology* and *Long*, where the courts dealt with *unmodified* nonidentifying return information of specific taxpayers. Rather, they fit the definition of reformulated and amalgamated tax data. *See King v. I.R.S.*, 688 F.2d 488, 493 (7th Cir. 1982).

We therefore affirm the district court's conclusion that cells of two are not return information under § 6103(b)(2).

Because we hold that cells of one are confidential return information under 26 U.S.C. § 6103(b), but cells of two are not, we **AFFIRM in part**, **REVERSE in**

7

**part**, and **REMAND** to the district court for modification of its June 13, 2008,

order consistent with this disposition.[3]

---

[3] Because the IRS did not properly move the district court for a court-supervised renegotiation of the Consent Order, we conclude that the issue is not properly before us on appeal and therefore do not reach it.