993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Plaintiff-Appellant,
v.
Daniel VASQUEZ, Warden, Defendant-Appellee.
 No. 92-16254.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 21, 1993.
 
 MEMORANDUM**
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 Monroe Jones, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Jones's 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in violation of the eighth amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 The district court dismissed Jones's action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Because the district court considered matters outside the pleadings, however, we construe the district court's dismissal as a grant of summary judgment. See Fed.R.Civ.P. 12(b), 56. Further, because Jones had notice and an opportunity to respond to defendants' motion with his own evidence in opposition, he was not prejudiced by the conversion of defendants' motion to dismiss to a motion for summary judgment. Cf. Garaux v. Pulley, 739 F.2d 437, 438-40 (9th Cir.1984).
 
 
 3
 We review the district court's summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fu-Kong Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 4
 Prison employees violate the eighth amendment if they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. Estelle, 429 U.S. at 106; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). A difference of opinion between an inmate and prison medical personnel regarding adequate medical care does not suffice to state an eighth amendment claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 5
 Jones filed this action on November 22, 1991, alleging that prison officials were deliberately indifferent to his serious medical needs because they failed to provide him with adequate medical treatment after he was attacked by another inmate on September 25, 1991. Specifically, Jones alleged that he was stabbed in three places in the attack and that he was in severe pain following the attack. Jones sought injunctive relief compelling the defendants to provide him with medical treatment and damages.
 
 
 6
 On December 26, 1992, the district court issued an order to show cause (OSC) why an injunction requiring medical treatment should not issue. On January 16, 1992, defendants submitted their response to the OSC and a motion to dismiss. In support of their motion, defendants submitted medical reports, incident reports, and an affidavit of a prison doctor. This evidence established that Jones was treated immediately after the attack for superficial lacerations and that he was scheduled for and received follow-up medical appointments after the attack. The doctor's affidavit stated that on January 10, 1992, in response to the court's OSC, the doctor gave Jones a full medical examination, which included numerous medical tests. The affidavit also stated that the doctor's examination revealed that Jones was healthy, there was no evidence of any injuries or wounds from the stabbing, and the medical test results did not indicate any internal injuries or other medical problems.
 
 
 7
 In opposition, Jones submitted his own affidavit. Although Jones did not dispute that he had received medical treatment on the dates indicated by defendants, Jones stated in his affidavit that he was still in pain due to defendants' failure to properly diagnose or adequately treat his injuries. Jones also submitted a motion for further discovery.
 
 
 8
 Our review of the evidence in the record supports the district court's summary judgment for defendants. Jones did not dispute that he had received medical treatment on at least three separate occasions for the injuries of which he complained. The allegations in Jones's affidavit, even construed in the light most favorable to Jones, merely amount to a difference in medical opinion, or, at most, a claim for medical malpractice or gross negligence. See Wood, 900 F.2d at 1334; Sanchez, 891 F.2d at 242. Thus, the evidence in the record taken as a whole demonstrates that there was no genuine issue for trial on Jones's claim of deliberate indifference to his serious medical needs. See Matsushita, 475 U.S. at 587; Estelle, 429 F.2d at 106.
 
 
 9
 Finally, the district court did not abuse its discretion by denying Jones's motion for further discovery. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Given the evidence already in the record, the district court correctly found that Jones failed to meet his burden of showing what material facts would be discovered that would raise a genuine issue for trial. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3