996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence J. MAYER, Plaintiff-Appellant,
v.
PIMA COUNTY SHERIFF DEPARTMENT; Pima County Board of
Supervisors, Defendants-Appellees.
 No. 92-15584.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence J. Mayer appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Mayer alleged numerous constitutional violations arising from his incarceration as a pretrial detainee at Pima County Adult Detention Center (PCADC). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.
 
 I. Standard of Review
 
 3
 We review de novo the district court's dismissal of an action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988). A pro se litigant must be given notice of the deficiencies and leave to amend unless it is " 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Id. at 623-24 (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987)).
 
 
 4
 If matters outside the pleadings are considered, the district court must treat a motion to dismiss under Rule 12(b)(6) as one for summary judgment under Rule 56. See Tanner, 879 F.2d at 576. Further, if the nonmoving party is pro se, the district court must give that party notice that the motion will be treated as one for summary judgment and an opportunity to submit relevant material in opposition to summary judgment. Garaux v. Pulley, 739 F.2d 437, 438-40 (9th Cir.1984).
 
 
 5
 Here, the defendants submitted affidavits with their motion to dismiss. The district court gave Mayer notice that it might treat the motion as one for summary judgment under Rule 56. See id. Mayer submitted his own affidavit with his opposition. Although the district court stated in its order that it was dismissing Mayer's action for failure to state a claim, matters outside the pleadings were considered in deciding some of the claims. Accordingly, we construe the district court's dismissal as a grant of summary judgment where appropriate. See Tanner, 879 F.2d at 576.
 
 
 6
 Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 7
 To state a claim for relief under section 1983, a plaintiff must show that a person acting under color of state law deprived plaintiff of a right protected by the constitution or federal law. Karim-Panahi, 839 F.2d at 624.
 
 I. Conditions of Confinement
 
 8
 To comply with the eighth amendment's prohibition against cruel and unusual punishment, a prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). In evaluating an eighth amendment claim based on conditions of confinement, a court must look at each alleged condition individually rather than at the totality of conditions. Id. at 1246-47.
 
 A. Double Bunking
 
 9
 Mayer alleged that the practice of double bunking inmates at PCADC violated his constitutional rights. Double bunking of pretrial detainees is not a per se violation of the constitution. Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (double bunking does not violate the eighth amendment); Bell v. Wolfish, 441 U.S. 520, 542 (1979) (pretrial detainees have no due process right to private cells). In order to allege a constitutional violation based on double bunking, a prisoner must allege that the double bunking subjected him to the unnecessary or wanton infliction of pain or lead to a deprivation of essentials such as safety or sanitation. See Rhodes, 452 U.S. at 348; Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir.1984). Here, Mayer alleged that double bunking "violated his health and welfare, by subjecting him to climatic conditions particularly to cubic content of air, minimum floor space, lighting, heating and ventilation." These allegations are not sufficient to state a claim for a constitutional violation. See Rhodes, 452 U.S. at 349 (although double bunking may result in discomfort, that is not sufficient to rise to the level of a constitutional violation). Nevertheless, we cannot say to an absolute certainty that Mayer cannot cure this deficiency by amendment. Accordingly, we vacate the district court's judgment and remand with instructions that Mayer be given an opportunity to amend this claim. See Karim-Panahi, 839 F.2d at 623.
 
 B. Light and Ventilation
 
 10
 Mayer alleged that his cell had inadequate lighting and ventilation. "Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir.1985). Lighting which is so poor it causes eyestrain and fatigue, does not permit inmates to read, or otherwise interferes with health and sanitation violates the eighth amendment. Id. Inadequate ventilation also violates the eighth amendment if it "undermines the health of the inmates and the sanitation of the penitentiary." Id. at 784. Here, Mayer alleged that the artificial light and ventilation in his cell was inadequate because it lacked "large windows to read by," and "fresh air was not allowed." These allegations are not sufficient to rise to the level of an eighth amendment violation. See id. at 783-84. Nevertheless, we cannot say to an absolute certainty that Mayer cannot cure this deficiency by amendment. Accordingly, we vacate the district court's judgment and remand with instructions that Mayer be given an opportunity to amend this claim. See Karim-Panahi, 839 F.2d at 623.
 
 C. Exercise
 
 11
 Mayer alleged that he was not allowed sufficient physical exercise. The deprivation of all outdoor exercise may result in the violation of a prisoner's eighth amendment rights. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979). Nevertheless, prison officials may limit or temporarily deny exercise due to administrative concerns such as safety or staffing. Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir.1980), cert. denied, 451 U.S. 937 (1981). Here, Mayer alleged that he was allowed exercise only five days a week due to personnel shortages. In Spain, this court held that one hour of outdoor exercise per day five days a week was constitutional. See 600 F.2d at 199. Accordingly, the district court properly dismissed this claim.
 
 D. Clothing and Laundry
 
 12
 Mayer alleged that he was provided two jumpsuits per week, no socks or underwear, and no laundry facilities were available. Mayer alleged that this was insufficient to provide for minimum health and hygiene.
 
 
 13
 The deprivation of materials necessary for basic personal hygiene may result in an eighth amendment violation. See Hoptowit, 682 F.2d at 1246. Here, defendants submitted an affidavit stating that clean clothing is issued once per week, underwear and socks are not issued but may be purchased at the commissary or brought in by visitors, and that laundry soap and facilities are available to prisoners. Defendants also stated that this procedure was mandated by a consent decree and approved as constitutional. In his opposing affidavit, Mayer repeated his allegation that he was not issued any underwear or socks, but failed to refute defendants' statement that these items were available through other means. Mayer also stated that laundry facilities were not adequate, although he admitted that he was provided soap for laundry, and did not refute defendants' affidavit that each room has a sink with hot and cold water and drying racks are available. Given the nature of the evidence submitted at summary judgment, the district court did not err by granting summary judgment for defendants on this claim. See Tzung, 873 F.2d at 1339-40.
 
 E. Jail Clothes in Public
 
 14
 Mayer alleged that he was forced to attend court hearings in jail clothing and that he was "paraded" in public in jail clothes and handcuffs. A prisoner has a right not to be compelled to appear before a jury in jail clothes because that would prejudice his constitutional right to a fair trial. Estelle v. Williams, 425 U.S. 501, 504 (1975). In nonjury matters, however, there is no inherent risk of prejudice and consequently no attendant right to appear in civilian clothing. Cf. id. Here, Mayer does not allege that he was appearing in court for a jury trial, and Mayer has no constitutional right to appear in court or in public in civilian clothes. See id. Further, the use of handcuffs and jail clothing when transporting prisoners in public is reasonably related to the legitimate government interests of preventing escape, violence, or smuggling of contraband. See Bell v. Wolfish, 441 U.S. at 540. Nevertheless, we cannot say to an absolute certainty that Mayer cannot cure this deficiency by amendment. Accordingly, we vacate the district court's judgment and remand with instructions that Mayer be given an opportunity to amend this claim. See Karim-Panahi, 839 F.2d at 623.
 
 F. Disciplinary Claims
 
 15
 Mayer alleged that defendants used instruments of restraint for purposes of punishment. The use of mechanical restraints may violate the eighth amendment if it is done with an intent to punish or if it results in excessive infliction of mental or physical pain. Spain, 600 F.2d at 197. Here, Mayer did not allege any specific facts regarding the use of restraints. Nevertheless, we cannot say to an absolute certainty that Mayer cannot cure this deficiency by amendment. Accordingly, we vacate the district court's judgment and remand with instructions that Mayer be given an opportunity to amend this claim. See Karim-Panahi, 839 F.2d at 623.
 
 
 16
 Mayer also alleged that members of the staff served on the disciplinary committee and that an "outside person" should be used instead. Inmates are entitled to have disciplinary hearings before an impartial committee. Wolff v. McDonnell, 481 U.S. 539, 570-71 (1974). Thus, staff members who were involved in the underlying incident giving rise to the alleged disciplinary infraction may not serve on the disciplinary committee. Clutchette v. Procunier, 497 F.2d 809, 820 (9th Cir.1974), modified, 510 F.2d 613 (1974), rev'd on other grounds sub nom. Baxter v. Palmigiano, 425 U.S. 308 (1976). Nevertheless, there is no constitutional right to have a disciplinary committee composed of non-prison staff. See id. Mayer does not allege that any disciplinary committee was not impartial, but rather asserts a general right to have outside persons serve on disciplinary committees. This allegation fails to state a cognizable claim for relief. See id. Accordingly, the district court correctly dismissed this claim.
 
 G. Threat of Violence
 
 17
 Mayer alleged that he was subject to the threat of violence due to lack of security at PCADC. A pretrial detainee states a claim under section 1983 if he alleges that prison officials were deliberately indifferent to the threat of serious harm or injury from other prisoners. Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991) (eighth amendment claim), cert. denied, 112 S.Ct. 972 (1992); White v. Roper, 901 F.2d 1501, 1505 (9th Cir.1990) (due process claim). Here, Mayer alleged that he was subject to violence, including fights and a riot, due to lack of security in PCADC. Although Mayer failed to allege sufficient facts to support a claim for relief, we cannot say to an absolute certainty that Mayer cannot cure this deficiency by amendment. See Redman, 942 F.2d at 1443; White, 901 F.2d at 1505. Accordingly, we vacate the district court's judgment and remand with instructions that Mayer be given an opportunity to amend this claim. See Karim-Panahi, 839 F.2d at 623.
 
 H. Transportation
 
 18
 Mayer alleged that he was transported to court in a vehicle with inadequate light and ventilation travelling at excessive speeds. Although Mayer did not allege facts sufficient to show that this resulted from deliberate indifference to his safety in violation of the eighth amendment, see Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991), we cannot say to an absolute certainty that Mayer cannot cure this deficiency by amendment. Accordingly, we vacate the district court's judgment and remand with instructions that Mayer be given an opportunity to amend this claim. See Karim-Panahi, 839 F.2d at 623.
 
 III. Law Library Access
 
 19
 Mayer alleged that he was not allowed adequate access to the law library and thereby was denied access to the courts. It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Nevertheless, the constitution does not guarantee a prisoner unlimited access to a law library. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). The prison must only provide access to a library that meets minimum constitutional standards. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). Prison officials may regulate law library access, including time, place and manner of access, taking into account the administrative needs of the institution. Lindquist, 776 F.2d at 858.
 
 
 20
 Here, Mayer alleged the law library was open three hours a day, four days a week, and accommodated eight prisoners at a time on a first come, first served basis. Mayer alleged that this was insufficient law library access and denied him his constitutional right of access to the courts. Given the administrative concerns of the prison officials, we cannot say that this is inadequate law library access. See Lindquist, 776 F.2d at 858. Further, Mayer did not allege that his limited access to the law library resulted in any actual injury. See Sands, 886 F.2d at 1169. Accordingly, the district court correctly dismissed this claim.
 
 IV. Medical Needs
 
 21
 Mayer alleged that he was denied adequate dental and medical care and that he was denied a proper medical diet. Prison employees violate the eighth amendment if they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. Estelle, 429 U.S. at 106; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990). Here, Mayer did not allege specific facts indicating what medical or dental treatment he was denied or what his dietary needs were. Nevertheless, we cannot say to an absolute certainty that Mayer cannot cure this deficiency by amendment. Accordingly, we vacate the district court's judgment and remand with instructions that Mayer be given an opportunity to amend this claim. See Karim-Panahi, 839 F.2d at 623.[1]
 
 
 22
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Mayer's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint, Mayer sought injunctive relief as well as damages. Because Mayer is no longer housed at PCADC, his request for injunctive relief is moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991)