**Randolph GARAUX, Plaintiff-Appellant,**

v.

**Reginald L. PULLEY, individually and in his official capacity as warden of the San Quentin State Prison; and J.W.L. Park, individually and in his official capacity as appeals investigator for the Department of Corrections, Defendants-Appellees.**

**Randolph GARAUX, Plaintiff-Appellant,**

v.

**Reginald PULLEY, et al., Defendants-Appellees.**

**Nos. 83-2076, 83-2236.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 1984.

Decided Aug. 1, 1984.

Randolph E. Garaux, in pro. per.

Paul D. Gifford, San Francisco, Cal., for defendants-appellees.

Before CHOY, PREGERSON and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

The issue presented on this appeal is whether the district court was required to provide explicit notice to Garaux, a *pro se* plaintiff, of its intent to transform defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) into a motion for summary judgment under Fed.R.Civ.P. 56. We hold that it was.

Garaux was originally an inmate of the California Men's Colony (CMC) in San Luis Obispo, California. While at CMC he was placed in administrative segregation. A few days later, a hearing was held at CMC to review that placement. Garaux was found guilty of threatening a prison staff member. The disciplinary hearing officer recommended that he remain in administrative segregation.

Approximately one month later, Garaux was transferred from the Administrative Segregation Facility at CMC to San Quentin. Shortly after his transfer Garaux appeared before the San Quentin Institution Classification Committee. The Committee determined that because of the violation that Garaux committed at CMC, he should be housed in San Quentin's Management Control Unit.

Garaux filed suit in the United States District Court for the Northern District of California seeking declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983 (1976) for his allegedly improper commitment to the San Quentin Management Control Unit. Garaux claims that in reviewing his commitment to that unit the prison officials failed to afford him

a hearing that met constitutional standards of due process. The district court granted Garaux *leave* to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). In that order the district court directed that "the defendants shall file with their answer a copy of all documents pertinent to the disciplinary and classification proceedings referred to in the complaint." Defendants Pulley, Nyberg, Pliler and Park, all officials of San Quentin prison, then filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and attached the documents requested by the court. The defendants argued that plaintiff's complaint seeks to impose vicarious liability and that they enjoy immunity under the eleventh amendment. Garaux filed a memorandum in opposition to the motion.

At a hearing on the motion to dismiss, the district court, *sua sponte*, treated the motion as one for summary judgment and then, relying on the documents pertaining to the disciplinary proceedings, granted summary judgment in favor of defendants.[1] Garaux was not present at that hearing and claims that he was never notified that the motion to dismiss was being construed as a motion for summary judgment.

Garaux contends that the district court erred in *sua sponte* treating the defendants' motion to dismiss pursuant to Fed.R. Civ.P. 12(b) as a motion for summary judgment pursuant to Fed.R.Civ.P. 56 because the district court failed to notify him of its intention to do so.

Rule 12(b)(6) provides that when a defendant raises the defense of failure to state a claim upon which relief can be granted and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*" (emphasis supplied). Rule 56(c) provides that a motion for summary judgment must be served at least 10 days before the time fixed for the hearing on the motion.

There is general agreement that where matters outside the pleadings will be considered in disposition of a Rule 12(b)(6) motion, so as to convert it into one for summary judgment pursuant to Rule 56, the non-moving party must be sufficiently informed or aware of that fact and be afforded a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *See, e.g., Portland Retail Druggists Association v. Kaiser Foundation Health Plan,* 662 F.2d 641, 645 (9th Cir.1981); *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1366 (1969). However, there is some disagreement in the circuits on the issue whether a district court must strictly comply with the notice requirements of Rule 56(c) when it converts a motion under Rule 12(b)(6) into one for summary judgment.

The majority of the circuits that have considered the issue have opted for strict compliance. *Compare Selva & Sons, Inc. v. Nina Footwear, Inc.,* 705 F.2d 1316, 1322 (Fed.Cir.1983) (when court converts Rule 12(b)(6) motion to motion for summary judgment, Rule 56 strictures of notice must be adhered to); *Davis Elliott International, Inc. v. Pan American Container Corp.,* 705 F.2d 705, 707–08 (3d Cir.1983) (adopting rule of strict adherence to Rule 56 notice requirements when Rule 12(b)(6) motion is converted); *Estate of Smith v. Tarrant County Hospital District,* 691 F.2d 207, 208 (5th Cir.1982) ("This circuit has consistently interpreted the terms of Rule 56 strictly and has refused to dispense with the procedural safeguards of notice and hearing."); *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir.1979) ("Subsequent cases have reaffirmed our adherence to the strict notice and hearing requirements of Rules 12(b) and Rule 56 where the court

---

1. The district court determined that in order to grant relief to the defendants, it was necessary to consider and rely on documents they had submitted. The defendants do not contend otherwise. We agree with the district court in this respect.

*sua sponte* converts a 12(b)(6) motion into a summary judgment motion by considering matters outside the pleadings."); *Winfrey v. Brewer*, 570 F.2d 761, 764 (8th Cir.1978) ("the required notice cannot be dispensed with merely because a motion to dismiss is treated as a motion for summary judgment"); *Adams v. Campbell County School District*, 483 F.2d 1351, 1353 (10th Cir.1973) (noncompliance with ten day notice requirement of Rule 56 deprives court of authority to grant summary judgment)[2] *with Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975) ("Under the circumstances, the district court was required to proceed under Rule 56, and notice to the parties that it was doing so would merely have informed them of what they should already have known."); *See also Ikerd v. Lapworth*, 435 F.2d 197, 203 (7th Cir.1970) (adopting harmless error approach to Rule 56(c) notice requirement); *Oppenheimer v. Morton Hotel Corporation*, 324 F.2d 766, 767–68 (6th Cir.1963) (Failure to adhere to ten days notice requirement of Rule 56(c) did not require reversal).

Our circuit has not previously adopted a rule of strict adherence to formal notice requirements in cases in which motions to dismiss have been treated as summary judgment motions. Instead, we have examined the record in each case in order to determine whether the party against whom summary judgment was entered was "fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment." *Mayer v. Wedgewood Neighborhood Coalition*, 707 F.2d 1020, 1021 (9th Cir.1983) (per curiam) (citing *Portland Retail Druggists Association*, 662 F.2d at 645).

The defendants argue that under our practice sufficient notice was provided to Garaux in this case since the order of the trial court granting him leave to proceed *in forma pauperis* also required that "the defendants shall file with their answer a copy of all documents pertinent to the disciplinary and classification proceedings referred to in the complaint." Defendants rely on the fact that we have held that under certain circumstances, a district court's request for documents outside the pleadings meets the notice requirement of Rule 56(c). *See, e.g., Townsend v. Columbia Operations*, 667 F.2d 844, 849–50 (9th Cir.1982); *Portland Retail Druggists Association*, 662 F.2d at 646.

In each of the cases in which we have held that less than strict compliance with the notice requirements of Rule 56 was adequate, the non-moving party was represented by counsel. We are persuaded that it would be unwise to extend those holdings to cases involving *pro se* parties. This circuit has long had a rule of liberal construction of pleadings presented by *pro se* litigants, particularly when a motion to dismiss under Rule 12(b)(6) is being considered. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir.1977); *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974); *Dewitt v. Pail*, 366 F.2d 682, 685 (9th Cir.1966). The rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits.

District courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings. We hold that where the non-moving party is appearing *pro se*, the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into

---

**2.** The Second Circuit's view is not entirely clear. *Compare Dale v. Hahn*, 440 F.2d 633, 638 (2d Cir.1971) ("It seems fair to include within the term 'reasonable opportunity' some indication by the court to 'all parties' that it is treating the 12(b)(6) motion as a motion for summary judgment") *with In Re Bristol Industries Corporation*, 690 F.2d 26, 28–29 (2d Cir.1982) ("While this Circuit has indicated its preference for the position taken by the majority of Circuits, which adhere strictly to the ten-day rule, it has never expressly rejected a 'harmless error approach.' ") (citations omitted).

one for summary judgment. *See Curry v. Brown,* 440 F.2d 259, 261–62 (D.C.Cir.1971) (*per curiam*); *Hudson v. Hardy,* 412 F.2d 1091, 1094 (D.C.Cir.1968) (*per curiam*); *see also, Winfrey v. Brewer,* 570 F.2d at 764; *Harris v. Pate,* 440 F.2d 315, 318 (7th Cir.1971) (court's failure to grant continuance to *pro se* plaintiff when motion to dismiss was converted to one for summary judgment was an abuse of discretion).

We hold that the district court erred in treating *sua sponte,* the appellees' motion to dismiss for failure to state a claim as a motion for summary judgment without providing explicit notice to the *pro se* appellant. We therefore reverse the judgment so that specific notice, and a fair opportunity to respond, may be given prior to any further consideration of the motion.

REVERSED AND REMANDED.