891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Valentin HERNANDEZ, Plaintiff-Appellant,
v.
Patrick FITZSIMONS, Steven Thomas, Police Officer, L.J.
Habryle, Police officer, Getch, Police Sergeant,
Defendants-Appellees.
 No. 88-4420.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 30, 1989.*
Decided Dec. 1, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Hernandez appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). Because the district court treated defendants' motion to dismiss as a motion for summary judgment without giving Hernandez reasonable notice of this change, we reverse and remand.
 
 
 3
 While defendants submitted what they called a "motion to dismiss" on December 17, 1987, this motion was in fact one for summary judgment because it was "based upon the files and records ..., the attached memorandum of authorities, and the affidavit of [defendants' attorney]." The United States Magistrate continued such treatment when he also "considered the memorandum of the parties and the balance of the records and files" in making his Report and Recommendation to the district court. Finally, in approving and adopting the recommendation of the magistrate, the district court also considered matters outside the pleadings.
 
 
 4
 Under Fed.R.Civ.P. 12(b), the court may treat a motion to dismiss for failure to state a claim as a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court...." Yet, "where the nonmoving party is appearing pro se, the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment." Garaux v. Pulley, 739 F.2d 437, 439-40 (9th Cir.1984).
 
 
 5
 There is no evidence in the record which shows that Hernandez ever received notice that the defendants' motion to dismiss would be treated as a motion for summary judgment.
 
 Therefore, this case is
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3