959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John D. MORRIS, Plaintiff-Appellant,
v.
Constance Berry NEWMAN, Director, Office of Personnel
Management, & James J. JURA, Administrator,
Bonneville Power Administration,
Defendants-Appellees.
 No. 91-35408.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided April 3, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John D. Morris appeals pro se the dismissal of his civil rights action against the Administrator of the Bonneville Power Administration (BPA) and the Director of the Office of Personnel Management (OPM), in which he alleged employment discrimination and denial of veterans benefits. The district court dismissed Morris's action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief could be granted. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we reverse and remand.
 
 
 3
 Morris contends that the district court erred in granting the defendants' motion to dismiss his complaint under Fed.R.Civ.P. 12(b)(6) without allowing him to submit evidence in support of his complaint. This contention has merit.
 
 
 4
 The district court's review of a Rule 12(b)(6) motion is limited to the contents of the complaint. See Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). If matters outside the pleadings are submitted, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is treated as one for summary judgment. Id. When a Rule 12(b)(6) motion is converted into one for summary judgment, the district court must sufficiently inform the nonmoving party of that fact and afford the nonmoving party a reasonable opportunity to present all pertinent material. Garaux v. Pulley, 739 F.2d 437, 438 (9th Cir.1984). Furthermore, when the nonmoving party is appearing pro se, the district court must strictly adhere to the notice requirements of Rule 56(c). Id. at 439-40 (citations omitted).
 
 
 5
 Here, the defendants moved to dismiss Morris's complaint under Rule 12(b)(6) for failure to state a claim for which relief could be granted, and they attached several documents to support the motion.[1] The district court granted the defendants' motion, but in making its decision, the court relied on the documents attached to the motion. The district court, however, did not notify Morris that matters outside of his complaint would be considered, nor give Morris a reasonable opportunity to present evidence. Because Morris was proceeding pro se, the district court erred by failing to provide such notice. Accordingly, we reverse and remand to allow Morris an opportunity to present all pertinent material to support his complaint.[2] See Fort Vancouver Plywood, 747 F.2d at 552; Garaux, 739 F.2d at 438, 439-40.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Morris's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 In their motion to dismiss, the defendants raised two additional grounds for dismissal of Morris's complaint: (1) defective service of process, and (2) failure to exhaust his administrative remedies. The district court did not address these issues, and the defendants did not argue them in their appellate brief. Accordingly, we need not consider these issues. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [2]
 In his appellate briefs, Morris raises numerous claims to support his civil rights action. Our remand of this case will afford the district court the opportunity to address those claims, which include assertions that:
 (1) the BPA did not give Morris advanced notice of the discontinuance of his certification, as required by 5 U.S.C. § 3317(b);
 (2) the BPA hired non-veterans ahead of Morris; and
 (3) Morris was entitled to a higher preference because he is a "special disabled veteran." See 38 U.S.C. §§ 2011(1)(B) & 2014(a)(1).