976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John D. O'SULLIVAN, III, Plaintiff-Appellant,
v.
Robert RICHARDS, Defendant-Appellee.
 No. 91-16505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 18, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John D. O'Sullivan III, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of Robert Richards and dismissal of O'Sullivan's 42 U.S.C. § 1983 action for failure to file a response to Richards' summary judgment motion pursuant to Fed.R.Civ.P. 56(e) and Arizona District Court Local Rule 11(i). We have jurisdiction pursuant to 28 U.S.C. § 1291 and vacate and remand.
 
 
 3
 On February 1, 1990, O'Sullivan filed a civil rights complaint claiming he was denied access to the courts in connection with his pending civil proceedings. On August 28, 1990, the complaint was served on Richards, who answered on September 10, 1990. On September 27, 1990, Richards filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. On October 2, 1990, the magistrate judge sua sponte ordered the motion to dismiss to be treated as a motion for summary judgment pursuant to Rule 12(b). The order stated that O'Sullivan's response and supporting affidavits and exhibits were due on October 30, 1990. O'Sullivan did not file a response.
 
 
 4
 On November 13, 1990, Richards filed a motion requesting that the district court grant his motion for summary judgment on the ground that O'Sullivan's failure to respond was deemed a consent to the granting of the motion pursuant to Arizona District Court Local Rule 11(i).[1] On August 28, 1991, the district court granted Richards' motion for summary judgment and dismissed the action. O'Sullivan timely appealed.
 
 
 5
 In his reply brief, O'Sullivan contends, for the first time, that the district court's grant of summary judgment was improper because he did not receive any orders or motions until September 5, 1991. Although, as a general rule, this court will not consider an issue raised for the first time on appeal, this court may do so in exceptional circumstances. See Prantil v. California, 843 F.2d 314, 319 n. 5 (9th Cir.) (per curiam) (court of appeals has discretion to address issue where review is necessary to prevent miscarriage of justice) (citing Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985)), cert. denied, 488 U.S. 861 (1988).
 
 
 6
 It is fundamental that before summary judgment is granted, the nonmoving party should be provided "a full and fair opportunity to ventilate the issues involved in the motion." Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982). The district court must ensure the pro se plaintiff is "provided with proper notice regarding the complex procedural issues in summary judgment proceedings." Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir.1984). The summary judgment rule itself requires that the motion "be served at least 10 days before the time fixed for the hearing." Fed.R.Civ.P. 56(c).
 
 
 7
 Here, the district court record indicates that the district court and Richards mailed their orders, motions, and exhibits to O'Sullivan at the Arizona State Prison in Tucson.[2] Nevertheless, in connection with his appeal, O'Sullivan has furnished an affidavit stating that his mail was sent to the Alhambra Phoenix Complex, rather than to the Tucson Prison Complex, and that he did not receive the orders and motions in this case until September 5, 1991. If O'Sullivan did not receive the court's October 2, 1990 order until September 1991, then the district court's grant of summary judgment under Local Rule 11(i) would be unjust because O'Sullivan would not have had a meaningful opportunity to respond pursuant to Fed.R.Civ.P. 56(e). See Prantil, 843 F.2d at 319 n. 5. Accordingly, without addressing the merits of this case, we remand this matter to the district court for a determination of the cause of O'Sullivan's failure to file a response to Richards' motion.[3]
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny O'Sullivan's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Arizona District Court Local Rule 11(i) provides, in pertinent part, "[i]f the opposing party does not serve and file the required answering memorandum, ... such non-compliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily."
 
 
 [2]
 According to the district court record, this was O'Sullivan's correct address. On July 27, 1990, the magistrate judge ordered that the district court docket be corrected to reflect O'Sullivan's custody in the Arizona Prison Complex in Tucson, Arizona. The magistrate judge further ordered the clerk of the court to re-mail to this corrected address the service packet and any orders or other documents previously mailed but returned to the court by the U.S. Postal Service
 
 
 [3]
 On June 8, 1992, O'Sullivan filed a motion for appointment of counsel to appear at oral argument on his behalf. Because we find this case suitable for submission without oral argument, we deny this motion