999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larnel W. LOFTON, Plaintiff-Appellant,
v.
U.S. BUREAU OF PRISONS; Wallace H. Cheney, General Counsel;
O.I. White, Warden, Defendants-Appellees.
 No. 92-15314.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 23, 1993.
 
 Before HUG, LEAVY, Circuit Judges, and REAL,** Chief District Judge.
 MEMORANDUM***
 The issue in this case is whether the district court erred by converting a motion to dismiss into a motion for summary judgment and granting that motion in favor of the Bureau of Prisons ("BOP"). The court's jurisdiction arose because Lofton's claims were based on the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
 I.
 Lofton attempted to recover documents that he had submitted to prison officials to show that he had been sexually assaulted by a prison employee several times over a two-month period while he was an inmate at the Federal Correctional Institute at Terminal Island. In December 1989, Lofton filed an emergency motion for relief with the United States District Court for the District of Colorado. On April 10, 1990, he filed a civil rights action in that court against the BOP, the warden, and the accused officer.
 Lofton first verbally requested return of the documents. On August 2, 1990, he submitted a BOP Request for Administrative Remedy to the warden of FCI Phoenix, where he was imprisoned at that time. On August 24, 1990, the warden informed Lofton that he must request the documents under the Freedom of Information Act and Privacy Act. Lofton's appeal to the BOP Regional Director was denied.
 On June 21, 1990, he submitted a FOIA request to the BOP Office of General Counsel. On August 16, 1990, the BOP notified Lofton that his request was being processed and that he was authorized to treat the agency's failure to respond within the prescribed time limits as a denial of his request.
 On August 30, 1990, Lofton filed a complaint alleging that the BOP had violated FOIA and the Privacy Act by failing to release records requested by him. He sought release of the documents, civil damages, and court costs. The BOP informed him, on September 12 and 17, 1990, that his request would be processed by the regional office within 20 days if it involved under 100 pages. On October 25, 1990, Lofton filed a supplemental complaint alleging events that had occurred after the first complaint was filed.
 The first documents were released to Lofton on January 25, 1991. In March 1991, a magistrate judge in Colorado granted Lofton's motion to compel discovery and ordered the defendant to produce the documents, which occurred on April 1, 1991.
 A notice filed with the Arizona district court on July 9, 1991, stated that the same documents released in the Colorado action were provided to Lofton in response to his FOIA request. The second set of documents released under the FOIA request included many of the same documents released in January 1991.
 Lofton filed a motion for summary judgment on June 27, 1991. Defendants responded and filed a motion to dismiss on July 30, 1991, on the grounds that Lofton could not state a claim for damages because the documents had been released, Lofton was not adversely affected by any delay, the defendants did not act intentionally or willfully, and Lofton had not shown any actual damages. Defendants also sought dismissal of the non-agency defendants on the ground that individuals are not proper defendants under FOIA and the Privacy Act.
 The magistrate judge ruled that the defendants' motion would be treated as a motion for judgment on the pleadings pursuant to Rule 12(c). The district court then converted the motion to a motion for summary judgment, according to Rule 12(b), because the court was required to consider matters outside the pleadings to decide the motion.
 II.
 Lofton's opening brief focuses entirely on his argument that the district court erred by converting the defendants' motion to dismiss into a motion for summary judgment without giving notice to Lofton, as required by Rule 56(c).
 Where a prisoner is not represented by counsel, we have held that strict compliance with the notice requirements of Rule 56 is required. See Garaux v. Pulley, 739 F.2d 437, 439-40 (9th Cir.1984) (district court must provide explicit notice to the pro se plaintiff of its intent to transform the defendants' motion to dismiss into a motion for summary judgment).
 Ordinarily, notice is adequate if the party against whom judgment is entered is "fairly apprised" that the court will look beyond the pleadings. Id. at 439. A represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss. See Townsend v. Columbia Operations, 667 F.2d 844, 849 (9th Cir.1982). However, strict compliance with the Rule 56(c) 10-day notice provision is required when the litigant is a pro se prisoner. Garaux, 739 F.2d at 439-40; see also Jacobsen v. Filler, 790 F.2d 1362, 1365 n. 10 (9th Cir.1986). The litigant should "be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to" do so may result in the entry of summary judgment against him. Jacobsen, 790 F.2d at 1365 n. 8 (quoting Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975)).
 Lofton contends that if he had known that the court had converted the motion to dismiss into a summary judgment motion, he would have moved for reconsideration of his earlier motion to compel discovery, which was denied on October 16, 1991. Lofton argues that discovery was necessary to show that there was a genuine issue for trial, and that he would have requested an evidentiary hearing.
 The district court concluded that neither party would be prejudiced by conversion of the motion without prior notice because both parties had relied on materials outside the pleadings. Order, January 22, 1992, at 1-2. The material referred to is apparently the information that documents were released on January 25, 1991; the Colorado magistrate judge granted the motion to compel in March, 1991; and more documents were released on April 1, 1991. See Opposition to Defendants' Motion to Dismiss and Lofton's Motion for Summary Judgment filed on February 7, 1991.
 Lofton argues that he was not required to show that prejudice resulted from the conversion of the motion. In Garaux, the moving party argued that because the district court had requested documents outside the record from the defendants, the non-moving plaintiff had notice. 739 F.2d at 439. However, we rejected that argument and stated that the "rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." Id.
 III.
 The appellees claim that Lofton failed to state a claim because all documents were provided to him and because he suffered no damages. A claim for damages under the Privacy Act has been made when (1) the plaintiff has been adversely affected by any delay in the release of the records; (2) the delay was intentional or willful; and (3) the plaintiff has suffered actual damages. See 5 U.S.C. § 552a(g)(1)(D). An examination of Lofton's claim shows that strict compliance with the notice requirement will not necessarily be futile.
 A. Adverse Effects
 Lofton claims that the delay adversely affected him because he was not able to present the allegations complained of in his confiscated civil rights complaint to the Colorado district court. However, Lofton filed his civil rights action in Colorado on April 10, 1990, before Lofton initiated his FOIA request in June 1990. The action was still pending at the time the briefs in this case were filed with the court of appeals. That case was not dismissed because of his inability to provide the court with the specific documents sought in his FOIA request.
 Lofton also alleged that he suffered emotional distress as a result of the delay. The D.C. Circuit has held that emotional trauma alone is sufficient to qualify as an adverse consequence under 5 U.S.C. § 552a(g)(1)(D). Albright v. United States, 732 F.2d 181, 186 (D.C.Cir.1984).
 B. Intentional or Willful Delay
 "[T]he term 'willful or intentional' requires conduct amounting to more than gross negligence." Johnston v. Horne, 875 F.2d 1415, 1422 (9th Cir.1989). Lofton argued that BOP only released the documents because this action was filed and because the Colorado magistrate ordered release. However, the first release occurred prior to the magistrate's order. Also, although the BOP's response was not within the time constraints imposed by the Act, the chronology does not establish intentional or willful delay.
 Lofton contends that if he had received notice of the defendants' motion for summary judgment, he would have sought discovery in order to produce evidence that the delay was intentional.
 C. Actual Damages
 Recovery under 5 U.S.C. § 552a also requires proof of actual damages. See Molerio v. FBI, 749 F.2d 815, 826 (D.C.Cir.1984). Lofton has proceeded in forma pauperis; thus, he has not incurred any court costs. Nor has he shown actual damages. However, he deserved the opportunity to attempt to produce evidence of this element.
 The judgment of the district court is reversed, and the case is remanded. Lofton should be given notice and an opportunity to respond to the defendants' summary judgment motion.
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3