26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Damian Ignacio CANO, Plaintiff-Appellant,
v.
Stephen NAVICKY, et al., Defendants-Appellees.
 No. 93-15849.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Damian Ignacio Cano appeals pro se the district court's dismissal of his civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Cano claims that the defendants, United States Customs Service Officer Stephen Navicky, United States Marshal Glen E. Robinson, Deputy Marshal James E. Dixon, and Assistant United States Attorneys R. Christopher Locke and John W. Kennedy denied him due process during the forfeiture of his property in 1986. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 First, Cano contends that the district court erred by treating the defendants' motion to dismiss as a summary judgment motion and granting it without giving him notice and an opportunity to respond. See Fed.R.Civ.P. 12(b) (if matters outside pleadings are presented, motion is treated as one for summary judgment); Garaux v. Pulley, 739 F.2d 437, 439-40 (9th Cir.1984) (reasonable notice required before summary judgment may be granted). This contention lacks merit because consideration of public documents does not convert a motion to dismiss to a summary judgment motion. See Gemtel Corp. v. Community Redev. Agcy., No. 92-55368, slip op. 4747, 4753 n. 1 (9th Cir. May 10, 1994). Moreover, as discussed below, the district court properly dismissed this action for failure to state a claim under Fed.R.Civ.P. 12(b)(6).
 
 
 4
 Second, Cano contends that the district court erred by finding that Assistant United States Attorneys Locke[1] and Kennedy were absolutely immune from suit. This contention lacks merit.
 
 
 5
 We review de novo whether a complaint states a claim. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). An action may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990) (quotations omitted).
 
 
 6
 When prosecutors function as advocates in initiating a prosecution and presenting the government's case, they are absolutely immune from suit. Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615-16 (1993); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Prosecutors, however, receive only qualified immunity for their "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley, 113 S.Ct. at 2615-17 (no absolute immunity for prosecutor's fabrication of false evidence during preliminary investigation of crime); accord Burns v. Reed, 111 S.Ct. 1934, 1944-45 (1991) (no absolute immunity for prosecutor's legal advice to police regarding method of interrogation and existence of probable cause to arrest suspect).
 
 
 7
 Cano alleged in his complaint that he was indicted for drug-related crimes in November 1985. He had left the country in June 1985. During his absence, the district court issued a warrant for the seizure of his property at 837 Arlington Avenue, Berkeley, California, which he had rented to Michael Craig "with the agreement that Mr. Craig would protect and maintain the residence ... while Mr. Cano resided in France." Cano alleged that even though the defendants knew his location, they served the forfeiture complaint on Craig's mother, who was visiting the Arlington Avenue property, in late 1985. The property was forfeited before Cano returned to the United States.
 
 
 8
 Cano contends that Locke's and Kennedy's advice that the other defendants need not serve him personally in the forfeiture action was not part of their prosecutorial function because it was not connected to the government's presentation of its case in court. This contention lacks merit because service of a complaint is not an investigatory function, but rather concerns the initiation of an action. See Buckley, 113 S.Ct. at 2615 (initiation of action is prosecutorial function); Butz v. Economou, 438 U.S. 478, 482, 515-16 (1978) (absolute immunity protects federal agency officials against due process claim that they instituted proceedings without proper notice).
 
 
 9
 Finally, Cano contends that the district court erred by finding that defendants Navicky, Robinson, and Dixon were entitled to qualified immunity on his claim that they violated due process by failing to serve him personally in the forfeiture action. This contention lacks merit.
 
 
 10
 Government officials are immune from suit " 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Sloman v. Tadlock, Nos. 92-55597, 92-55692, 92-55851, slip op. 3621, 3627 (9th Cir. Apr. 14, 1994) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "This determination requires a two-part analysis. First, the district court must determine whether the law governing the official's conduct was clearly established at the time the challenged conduct occurred. The second step then asks whether, under that clearly established law, a reasonable officer could have believed the conduct was lawful." Mendoza v. Block, No. 92-56225, slip op. 3665, 3674 (9th Cir. Apr. 15, 1994) (citations omitted).
 
 
 11
 The following rules governing service in forfeiture actions were clearly established in 1985. See id. Due process requires that notice of an action be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). If a claimant's name and address are reasonably ascertainable, then service by publication may be insufficient, but the government is not required "to undertake extraordinary efforts to discover the identity and whereabouts of a [claimant] whose identity is not in the public record." Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798 n. 4 (1983). Moreover, a claimant's receipt of actual notice of forfeiture proceedings deprives him of standing to raise a due process claim. Wiren v. Eide, 542 F.2d 757, 762 (9th Cir.1976).
 
 
 12
 The defendants served the forfeiture complaint at Cano's Arlington Avenue property, where he had resided until he left for France. See Mullane, 339 U.S. at 314. Moreover, the district court's records show that at a motions hearing in Cano's criminal prosecution on April 17, 1991, Cano testified that his wife told him about the forfeiture proceeding in early 1986. See Wiren, 542 F.2d at 762. The district court did not err by determining that under these circumstances, the defendants reasonably believed their method of service was lawful. See Mendoza, slip op. at 3674.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Locke has not been served with the complaint in this action. Because we affirm the district court's determination that Locke is absolutely immune from suit, we do not reach Cano's contention that his claim against Locke should not have been dismissed for inadequate service