53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Reverend Vernon Melvin BLACKMAN, Plaintiff-Appellant,
v.
CROWN CONSTRUCTION COMPANY; Michael Crown, Owner; Sharon
Crown, Owner, Defendants-Appellees.
 No 93-56177.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 MEMORANDUM**
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 In this action alleging housing discrimination and related claims, Vernon M. Blackman appeals pro se the district court's summary judgment in favor of his former landlords Crown Construction Company, Michael Crown, and Sharon Crown. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 2
 In his amended complaint, Blackman alleged that when he was a tenant in the Crowns' apartment building, the Crowns discriminated against him because of his race (African American), in violation of 42 U.S.C. Secs. 1981, 1982, and 1983, and the Fair Housing Act, 42 U.S.C. Sec. 3617. He also asserted California state law claims for violation of privacy, trespass, breach of the implied warranty of habitability, nuisance, and intentional infliction of emotional distress. The defendants filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the action on the ground that Blackman's claims are time-barred. In support of their motion, they attached a copy of a grant deed showing that they had deeded the apartment building in question to other owners on October 20, 1988. Blackman filed an opposition to the motion. The court sua sponte treated the motion to dismiss as a motion for summary judgment, and ruled that Blackman's claims are time-barred.
 
 
 3
 Rule 12(b) provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b). "[W]here the non-moving party is appearing pro se, the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment." Garaux v. Pulley, 739 F.2d 437, 439-40 (9th Cir. 1984). To ensure that a pro se plaintiff is informed of the complex requirements of Rule 56 and has an opportunity to make the showing required to defeat a summary judgment motion, the district court must give a pro se plaintiff explicit notice of the court's intent to treat the motion to dismiss as a motion for summary judgment. Id.
 
 
 4
 Here, the district court failed to notify Blackman of its intent to convert the motion, and nothing in the record indicates that Blackman received notice of the requirements of the summary judgment rule. Accordingly, we vacate the summary judgment. See Garaux, 739 F.2d at 1440.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3