87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian HERON, Plaintiff-Appellant,
v.
James P. REAPE; James P. Reape P.C., a Professional
Corporation, Defendants-Appellees.
 No. 95-56111.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Heron appeals pro se the district court's dismissal of his diversity action against James P. Reape and James P. Reape, P.C. (collectively "Reape"). Heron contends that the district court erred by dismissing his negligence, fraud, conversion and negligent misrepresentation claims with prejudice and dismissing his breach of contract claim for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). Review is limited to the contents of the complaint. Argabright v. United States, 35 F.3d 472, 474 (9th Cir.1994). If matters outside the complaint are submitted, the motion to dismiss under Rule 12(b)(6) is treated as one for summary judgment. Jacobsen v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir.1995).
 
 
 4
 When a Rule 12(b)(6) motion is converted into one for summary judgment, the district court must sufficiently inform the nonmoving party of that fact and afford the nonmoving party a reasonable opportunity to present all pertinent material. Garaux v. Pulley, 739 F.2d 437, 438 (9th Cir.1984). Furthermore, when the nonmoving party is pro se, the district court must adhere strictly to the notice requirements of Rule 56(c). Id. at 439-40 (citations omitted).
 
 
 5
 Here, the district court dismissed Heron's negligence, fraud, and conversion claims for failure to state a claim upon which relief can be granted. It is apparent from the record, however, that in ruling on the motion to dismiss, the district court considered correspondence between Heron and Reape which Reape had attached to his reply papers in the motion to dismiss.[1] Thus, the district court treated the motion to dismiss as a motion for summary judgment. See Jacobsen, 50 F.3d at 1496. Because Heron was proceeding pro se, the district court erred when it failed to notify Heron that the motion to dismiss was being treated as a motion for summary judgment and offer him the opportunity to submit relevant material in opposition to the summary judgment. See Garaux, 739 F.2d at 438-40.
 
 
 6
 Because we are vacating the dismissal of the negligence, fraud and conversion claims with prejudice, we also vacate the district court's dismissal of the action for lack of subject matter jurisdiction.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Heron's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly could consider the agreement settling the underlying lawsuit without converting the motion to dismiss to a motion for summary judgment because Heron refers to it in the complaint. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.), cert. denied, 114 S.Ct. 2704 (1994). While presenting the correspondence to the district court, Reape conceded that the district court could not consider it for purposes of challenging the sufficiency of the complaint