129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
City of SANTA MARIA, a municipal corporation; Redevelopment
Agency of the City of Santa Maria, a municipal
corporation, Plaintiffs-Appellants,
v.
EMPLOYERS INSURANCE OF WAUSAU, a mutual company; the Wausau
Insurance Companies, Defendants-Appellees.
 No. 95-56832.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Oct. 6, 1997.
Decided Oct. 31, 1997.
 
 Appeal from the United States District Court for the Central District of California Audrey B. Collins, District Judge, Presiding.
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The City of Santa Maria ("the City") appeals the district court's dismissal of its diversify complaint against Employers Insurance of Wausau ("Wausau"). In its complaint, the City sought indemnification for defense costs incurred in an unsuccessful bodily injury action brought by a pedestrian allegedly injured in an area under development by the City. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's order of dismissal.
 
 
 3
 We review de novo a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(5). Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996).
 
 
 4
 Because the parties are familiar with the factual context and the relevant contractual provisions, we need not recite them here.
 
 
 5
 We find two reversible errors in this case. First, the district court erred by considering disputed evidence submitted outside the pleadings on a Rule 12(b)(6) motion to dismiss. An unofficial notice of contract completion, whose accuracy was reasonably challenged by the City, was not an appropriate object of judicial notice. See Fed.R.Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Because the district court considered an item of evidence submitted outside the pleadings, Wausau's dismissal motion is treated as a motion for summary judgment. Fed.R.Civ.P. 12(b)(6). Accordingly, the district court should have given both parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Id.; see also Garaux v. Pulley, 739 F.2d 437, 438 (9th Cir.1984) ("There is general agreement that where matters outside the pleadings will be considered in disposition of a Rule 12(b)(6) motion, so as to convert it into one for summary judgment pursuant to Rule § 6, the non-moving party must be sufficiently informed or aware of that fact...."). The district court's failure to do so in this case constitutes reversible error. Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir.1986).
 
 
 6
 The district court further erred by concluding that the "products/completed operations hazard" exclusion in the additional insured endorsement released Wausau from its duty to defend the City. Wausau concedes that the district court incorrectly defined the "products/completed operations hazard" exclusion by referring to the umbrella insurance policy, which does not govern the instant dispute. Wausau argues, however, that if the district court had considered the appropriate policy, it would have reached the identical conclusion that the construction work had been completed before the injuries at issue occurred. We disagree.
 
 
 7
 Although the definition of "completed" contained in the Comprehensive General Liability policy is somewhat ambiguous, a fair interpretation of the policy is that the construction contract's definition governs, so that "work shall be deemed complete only after ... the actual filing of a Notice of Completion by the City Clerk in the manner provided by law." Given that this interpretation of the contract is reasonable, any ambiguity in the policy must be resolved against Wausau. See 20th Century Ins. Co. v. Liberty Mut. Ins. Co., 965 F.2d 747, 751 (9th Cir.1992) (citing Employers Reins. Corp. v. Phoenix Ins. Co., 186 Cal.App.3d 545, 554, 230 Cal.Rptr. 792 (1986)) ("To the extent that a policy is ambiguous, any ambiguity or uncertainty is to be resolved against the insurer" so long as coverage is available "under any reasonable interpretation of an ambiguous clause."). We therefore conclude that the district court erred by dismissing the City's complaint based on the "products/completed operations exclusion."
 
 
 8
 Finally, we reject Wausau's argument that the City cannot qualify as an additional insured under the policy purchased by A.J. Diani Construction Company, Inc. ("Diani"), the general contractor responsible for the construction project at issue. Invoking the doctrine of collateral estoppel, Wausau contends that because the state court in the underlying action determined that the injuries in question did not arise from Diani's operations, the City is precluded from seeking indemnification for defense costs. Wausau's argument is defeated by well-established law. "The existence of a duty to defend turns upon the facts known to the insurer at the inception of the lawsuit, not upon the ultimate adjudication of coverage. The duty to defend arises if the facts known to the insurer indicate a potential or possibility for indemnity." National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 499 (9th Cir.1997) (citing California law). Here, because the injuries allegedly resulted from conditions caused by the construction, Diani's operations appeared to give rise to the injuries at the time the complaint was filed in the underlying action. At the outset of the litigation, there was a very real possibility that the injury claim fell within the scope of the policy's coverage. We therefore conclude that Wausau's collateral estoppel claim does not compel dismissal of the City's complaint.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3