**SAFELITE GLASS CORPORATION,**
a Delaware corporation, Plaintiff-
counter-defendant—Appellant,

v.

Jeffrey P. CRAWFORD, Defendant-
counter-claimant—Appellee.

No. 00–16619.

D.C. No. CV–00–00190–FRZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 8, 2002.

Kleinfeld, Circuit Judge, filed dissent-
ing opinion.

Before BRUNETTI, KLEINFELD and THOMAS, Circuit Judges.

## MEMORANDUM *

Safelite Glass Corporation ("Safelite") appeals the district court's denial of Safelite's preliminary injunction motion and entry of judgment in favor of Crawford. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■■■ The district court did not err in concluding that Safelite's non-competition covenant was unreasonable and unenforceable. Under Arizona law, a covenant not to compete cannot be used to prevent competition per se. *Valley Med. Specialists v. Farber,* 194 Ariz. 363, 982 P.2d 1277, 1281 (Ariz.1999). Such an agreement is valid only if it protects "some legitimate interest [of the employer] beyond the employer's desire to protect itself from competition." *Id.* Legitimate interests that can support a covenant not to compete include an employer's need "to prevent competitive use, for a time, of information or relationships which pertain peculiarly to the employer and which the employee acquired in the course of the employment." *Id.* (internal quotation and citation omitted).

■■■ Under Arizona law, a restrictive covenant is reasonable if it:

give[s] the employer a reasonable amount of time to overcome the former employee's loss, usually by hiring a replacement and giving that replacement time to establish a working relationship. Even in the commercial context, '[w]hen the restraint is for the purpose of protecting customer relationships, its duration is reasonable only if it is no longer than necessary for the employer to put a new man on the job and for the new employee to have a reasonable opportu-

nity to demonstrate his effectiveness to the customers.'

*Id.* at 1284 (quoting *Amex Distrib. Co., Inc. v. Mascari,* 150 Ariz. 510, 724 P.2d 596, 604 (Ariz.Ct.App.1986)).

■■■ In applying these principles of Arizona law, we conclude that Safelite did have a protectable interest in maintaining its customer relationships, but that the covenant not to compete was not narrowly tailored to protect only those interests. Rather, it constituted a broad non-competition restriction, prohibiting activities that were beyond the scope of its protectable interest. We also conclude, under Arizona law, that the covenant could not be cured by severence. *See Amex. Distrib.,* 724 P.2d at 605. In sum, the district court correctly determined that the covenant not to compete was unreasonable and unenforceable under Arizona law.

Thus, the district court did not abuse its discretion in denying Safelite's motion for a preliminary injunction on the basis that Safelite was unlikely to show either probable success on the merits, or that "serious questions were raised and the balance of hardships tips sharply in its favor." *Textile Unlimited, Inc. v. A..BMH Co., Inc.,* 240 F.3d 781, 786 (9th Cir.2001).

■■■ For the same reasons, the district court did not err in granting Crawford judgment on the merits. The district court should not have granted judgment *sua sponte* and should have provided notice of its intent to consolidate the preliminary injunction hearing and a determination of the merits. *See Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). However, any error in doing so was harmless, given Safelite's lack of showing of prejudice as to the tender of any additional evidence and

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the legal correctness of the court's ruling. *See* Fed.R.Civ.P. 61; 28 U.S.C. § 2111.

**AFFIRMED.**

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent.

The covenant at issue was limited to twelve months and to a twenty-five mile radius. This is not unreasonable as a matter of law for a salesman dealing with repeat institutional customers. Arizona enforces reasonable restraints, or "those no broader than the employer's legitimately protectable interests." [1] The arguable part is the provision extending the covenant to "twenty-five (25) miles of any location or geographic area to which the Associate was assigned at the time of, or at any time during the twelve (12) month period immediately preceding, the termination of the Associate's employment." [2] But Arizona courts apply a "blue-pencil rule" to objectionable covenants, "eliminating grammatically severable unreasonable provisions." [3] This clause can be blue-penciled.

We agree that the district court improperly granted summary judgment *sua sponte* against Safelite, without providing adequate notice of its intention to do so.[4] Because I disagree with the majority over the reasonableness of the covenant not to compete at issue in this case, I would hold that the district court's error was not harmless. I would reverse and remand for trial.[5]

1. *Amex Distributing Co., Inc. v. Mascari*, 150 Ariz. 510, 724 P.2d 596, 601 (Ariz.App.1986).

2. Appellant's Excerpts of Record at 4.

3. *Id.* at 600.

4. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); *Garaux v. Pulley*, 739 F.2d 437, 438–9 (9th Cir.1984).

5. *See Garaux*, 739 F.2d at 438–9.