Yehuda SHARON, aka Eugene Warner, Plaintiff-counter-defendant—Appellant,

v.

NISSAN MOTORS ACCEPTANCE CORPORATION, Defendant-counter-claimant—Appellee.

No. 01–15588.

D.C. No. CV–99–01420–RLH/LRL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Aug. 5, 2002.

Before SCHROEDER, Chief Judge, FISHER, and PAEZ, Circuit Judges.

MEMORANDUM *

Sharon appeals the district court's dismissal of his action against the Nissan Motors Acceptance Corporation (NMAC). The district court dismissed Sharon's pro se federal claims with prejudice, and then dismissed his state law claims for lack of jurisdiction.

The district court dismissed Sharon's claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, on the ground that NMAC was not a "debt collector" as defined by the statute. The dismissal was pursuant to Rule 12(b)(6) for failure to state a claim. However, the district court relied on material outside the scope of the complaint in

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

reaching this conclusion, and thereby erred in dismissing on the pleadings. *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994); *Garaux v. Pulley,* 739 F.2d 437, 439–40 (9th Cir.1984).

The district court dismissed Sharon's claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.,* on the ground that the Act only applied to credit reporting agencies. The FCRA also imposes obligations on entities that report information to credit reporting agencies. 15 U.S.C. § 1681s–2(b). Sharon's complaint alleged that NMAC had reported incorrect information about him to credit reporting agencies. The district court therefore erred in dismissing Sharon's FCRA claim on the pleadings.

The district court acknowledged that Sharon's complaint stated a claim for relief under federal law, but did not inform Sharon under what federal law that claim arose. Rather, the district court simply offered Sharon leave to amend to identify the correct statute. On remand, Sharon should be permitted leave to amend his complaint to specifically cite the Truth in Lending Act (TILA), 15 U.S.C. § 1638.

The district court dismissed Sharon's state law claims without prejudice only because it believed Sharon had not stated any actionable federal claims. The district court erred in dismissing those claims because Sharon sought damages in excess of $75,000 for his state law causes of action and, therefore, met the requirements to establish the district court's diversity jurisdiction over those claims. Furthermore, since we are reversing and remanding the dismissal of Sharon's FDCPA, FCRA, and

TILA claims for further proceedings, we reverse the dismissal of Sharon's state law claims on that ground as well.

REVERSED and REMANDED.

